UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:19-cv-60325-UU

MARISA LIONA,

    Plaintiff,

v.

AMERICAN ELITE RECOVERY, LLC;
AMERICAN RECOVERY SYSTEMS, LLC,

    Defendants.
_____/

## PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES

Plaintiff, Marisa Liona, through her undersigned counsel and pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, respectfully moves this Court for an award of attorney fees in the amount of $3,510.00.

## PROCEDURAL HISTORY

Plaintiff filed this action against Defendants for violation of 15 U.S.C. § 1692, *et seq*. of the Fair Debt Collection Practices Act ("FDCPA") on February 6, 2019. [ECF No. 1]. Defendants were served on February 18, 2019. [ECF No. 8]. Defendants failed to respond to the Complaint or otherwise defend this action. Accordingly, and pursuant to Fed. R. Civ. P. 55(a), a Clerk's Default was entered on March 13, 2013. [ECF No. 10]. On March 13, 2019, this Court entered an Order instructing Plaintiff to "file a Motion for Final Default Judgment, duly supported by affidavits and other documentation and a proposed Final Order by Friday, March 22, 2019. [ECF No. 10]. On April 9, 2019, this Court entered Final Default Judgment, awarding Plaintiff

$1000.00, the full measure of statutory damages under the FDCPA, along with $600.00 in actual damages. [ECF No. 14].

## MEMORANDUM

Based upon the plain language of the FDCPA statute, a debt collector is liable to the prevailing plaintiff for court costs and reasonable attorneys' fees. 15 U.S.C.A. § 1692k(a)(3) (West 2010); *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993). Federal Rule 54(d) and Local Rule 7.3 both require that motions for attorneys' fees be filed after judgment has been entered by the Court. Fed. R. Civ. P. 54(d)(2)(B)(i) (The motion for fees must be filed no later than 14 days after the entry of judgment); S.D. Fla. L. R. 7.3(a) ("A motion for an award of attorneys' fees shall be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim."). Both the Federal Rule and the Local Rule establish the rules regarding timeliness of attorneys' fees motions. This motion is timely under either rule.

### A. Plaintiff is the Prevailing Party

A litigant must demonstrate a court-ordered change in the legal relationship between the plaintiff and the defendant, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001), in order to qualify as a "prevailing party" under a fee-shifting statute. *Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 492 (D.C.Cir.2003). Plaintiff is the prevailing party in this case because she prevailed each significant issue in the litigation and has obtained all of the relief she sought. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989). As the prevailing party in this case, Plaintiff, is entitled to an award of costs and reasonable attorney fees. *Thorpe v. Collection Information Bureau, Inc.*, 963 F.Supp.

1172, 1174 (S.D. Fla. 1996).

### B. Plaintiff's Attorney Fees are Reasonable

A reasonable award for attorney's fees is calculated using the lodestar method, which requires the Court to multiply the reasonable hours expended by a reasonable hourly rate. *Sclafani v. Firstsource Advantage, LLC*, No. 11-cv-62090 (S.D. Fla. Mar. 6, 2012) (citations omitted). The Eleventh Circuit has adopted the lodestar method for determining reasonable attorneys' fees. *Orenshteyn v. Citrix Systems, Inc.*, 558 F. Supp. 2d 1251 (S.D. Fla. 2008). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292 (11th Cir. 1988). In a recent, nearly identical, case in the Southern District of Florida, Plaintiff's counsel was awarded an hourly rate of $500.00. *Hoyos v. James E. Albertelli, P.A.*, No. 17-24515-CIV-MOORE (S.D. Fla. Feb. 27, 2019) ("Drawing upon its own knowledge and expertise, the Court finds that these hourly rates are reasonable for the South Florida market."). See also Exhibit A, Declaration of Scott D. Owens.

In this case, Plaintiff's retainer specifies a reduced hourly rate of $450.00 for all services rendered. Plaintiff's counsel expended 7.8 hours in this case, which, at the rate of $450.00 per hour equals $3,510.00. My fees in this case were incurred as follows:

| Date | Description | Time/Hr. | Amount |
| --- | --- | --- | --- |
| 01/29/2019 | Client Conference/Pre-suit Investigation | 1.9 | $ 855.00 |
| 02/06/2019 | Draft/File Complaint | 2.5 | 1,125.00 |
| 03/22/2019 | Prepare/File Motion for Default Judgment | 1.4 | 630.00 |
| 04/22/2019 | Prepare/File Bill of Costs | 0.4 | 180.00 |
| 04/23/2019 | Prepare/File Motion for Attorney's Fees | 1.5 | 675.00 |

|  |  | TOTAL | 7.8 | $ 3,510.00 |
|---|---|---|---|---|

### Attorney's Fees Should Not Be Limited by the Amount of Damages

As long as the plaintiff is successful, i.e., recovers more than nominal damages, the plaintiff should be awarded attorneys' fees pursuant to the lodestar calculation. In this case, Plaintiff recovered the maximum amount of statutory damages to which she is entitled and has therefore recovered the full amount of damages which he sought in this case.

"In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under § 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581, 106 S. Ct. 2686, 2697, 91 L. Ed. 2d 466 (1986). The amount of damages awarded has often borne no relationship to the amount of attorney fees granted. "[A]ttorney's fees awarded by District Courts have 'frequently outrun the economic benefits ultimately obtained by successful litigants.'" *Evans v. Jeff D.*, 475 U.S. 717, 735, 106 S. Ct. 1531, 1541, 89 L. Ed. 2d 747 (1986). Upon finding a statutory violation and damages, the attorney fees award should be made in the lodestar amount. *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

### CONCLUSION

Plaintiff respectfully requests an award of attorney's fees in the amount of $3,510.00.

STATE OF FLORIDA
COUNTY OF BROWARD

s/ [signature]
Scott D. Owens, Esq.
Scott D. Owens, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

BEFORE ME, personally appeared Scott D. Owens, who, first being duly sworn and under oath states that the foregoing is true and accurate. The above-named affiant __ is personally known to me or __ has produced _____ as identification.

WITNESS my hand and official seal in the County and State aforesaid this 23 day of April, 2019.

_____
Notary Public

Notary Public State of Florida
Shannon Diane Gunther
My Commission GG 060168
Expires 01/05/2021

_____
Typed, printed or stamped name of Notary

My commission expires 01/05/21

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Scott D. Owens
Scott D. Owens, Esq.