UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.19-60325-CIV-UNGARO/HUNT

MARISA LIONA,

    Plaintiff,

v.

AMERICAN ELITE RECOVERY, LLC;
AMERICAN RECOVERY SYSTEMS, LLC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Bill of Costs and Plaintiff's Verified Motion for Attorney's Fees.  ECF No. 15, 17.  The Honorable Ursula Ungaro referred Plaintiff's Motions to the undersigned for a Report and Recommendation.  ECF No. 16, 18; see also 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1.  Upon thorough review of the record, Plaintiff's Motions, the Notice of Previously Awarded Fees and Costs, and finding no response or objection thereto, the undersigned respectfully RECOMMENDS that Plaintiff's Bill of Costs, ECF No. 15, be GRANTED, and that Plaintiff's Motion for Attorney's Fees, ECF No. 17, be GRANTED as set forth below.

## BACKGROUND

On February 6, 2019, Plaintiff filed a one-count, eight-page Complaint against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. On March 13, 2019, this Court directed the Clerk to enter defaults against Defendants for failure to respond to the Complaint.  On April 9, 2019, this Court entered Final Default Judgment in favor of Plaintiff against Defendants.  Thereafter, on

April 22, 2019, Plaintiff filed her Bill of Costs and on April 23, 2019, Plaintiff filed her Motion for Attorney's Fees.  As stated above, Defendants failed to respond or object to either.

## DISCUSSION

A.   *Entitlement to Attorney's Fees*

Pursuant to 15 U.S.C. §1692k(a)(3), a plaintiff that is successful in enforcing liability under the FDCPA is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court."  Accordingly, Plaintiff is entitled to recover reasonable attorney's fees.  *Danow v. Law Office of David E. Borback , P.A.*, 634 F. Supp. 2d 1337 (S.D. Fla. 2009

Because it is as much the court's duty to avoid awarding excessive fees as it is to award an adequate fee, the undersigned will address the reasonableness of the amount sought by Plaintiff.  The Court is also cognizant of the obligation of the parties and this Court "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

B.   *Calculation of Attorney's Fees*

A court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also American Civil Liberties Union of Georgia v. Barnes*, 168

F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cnty.*, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing requested hourly rate of six-year attorney from $300 to $250).  The movant bears the burden of proving that the requested rate is consistent with prevailing market rates.  *Norman*, 836 F.2d at 1299, 1303.  In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted).  Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.[1]  *Id.*

The undersigned finds the lodestar method is the proper manner to calculate a reasonable award.  Further, the undersigned is aware that there are counsel in the local and relevant market that routinely handle these cases and there are no substantial difficulties in finding same.  *Sun Bank of Ocala v. Ford*, 564 So. 2d 1078, 1079 (Fla.

---

[1] Plaintiff did not request an evidentiary hearing, and the undersigned concludes that a hearing is not necessary.  A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes.  *Norman*, 836 F.2d at 1303-04.  Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possess sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'"  *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309).  The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.  Furthermore, the written record here is of sufficient clarity to permit this Court to resolve any issues of fact that may exist.

1990).

Plaintiff requested $3,510 in attorney's fees based upon professional services rendered by counsel Scott Owen (7.8 hours at a rate of $450 per hour), ECF No. 17. Plaintiff indicates that the retainer agreement agreed to a discounted hourly rate of $450/hour.

On April 30, 2019, this Court ordered Plaintiff's counsel to file a notice of previously awarded fees and costs for the past two years.  Although Plaintiff's counsel's Notice of Previously Awarded Fees lists two FDCPA default cases in this district in which he was awarded $500 per hour and $250 per hour, respectively, this does not mandate the same rate be awarded in this case.  *See, e.g., Turner v. Sec'y of the Air Force*, 944 F.2d 804, 809 (11th Cir. 1991) (reducing attorney's hourly rate even though other courts previously awarded counsel fees at rate sought); *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1351 (S.D. Fla. 2006) (reducing attorney's hourly rate from $225 to $185 despite having been awarded higher rates in other cases in the district). S*ee generally Martinez v. Public Storage*, No. 09-21488, 2010 WL 2219712, at *5 (S.D. Fla. Apr. 27, 2010) (holding that hourly rates in excess of $300 in ADA cases are unwarranted).

Based on the record before the undersigned, there is no evidence to suggest that the instant suit required a specialized or sophisticated level of skill.  This was a straightforward case that was resolved quickly and simply by way of a default judgment, without need for discovery, trial, or any litigation beyond the filing of preliminary pleadings.  Scott Owens indicated that he was admitted to the Florida Bar on October 2, 2002.  Thus, after carefully considering the complete record of recent hourly rates

4

awarded, the complexity of this case, the quality of the representation, counsel's years of experience and all other pertinent factors, the undersigned concludes that a rate of $450 per hour is appropriate in the present case.  *See, e.g., Larsen v. Commonwealth Financial Systems, Inc.*, No. 15-14260, 2016 WL 245325 (S.D. Fla. Jan. 21, 2016) (awarding $300 per hour for attorney with sixteen years of experience).

Upon determination of the hourly rate, the court must determine the reasonable amount of hours expended in the litigation.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  Inquiry into the reasonable number of hours focuses on the exercise of "billing judgment"—the exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel."  *Barnes,* 168 F.3d at 428 (emphasis omitted) (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted).  Hours that were not "reasonably expended" or are determined to be "excessive, redundant, or otherwise unnecessary" should be excluded from the fee calculation.  *Hensley*, 461 U.S. at 434.  Additionally, "a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment."  *Larsen*, 2016 WL 245325 at *2 (citing *Norman*, 836 F.2d at 1306.)).  In support of her motion, Plaintiff has submitted counsel's itemized billing statement.  ECF 17.  In reviewing the billing statement incorporated in the Motion, it appears that counsel's time is reasonable given the tasks performed and do not appear to be excessive.  The undersigned has done a line by line review of the detailed billing statements provided by Plaintiff's counsel and finds them to be reasonable.

Multiplying counsel's reasonable number of hours requested (7.8) by the hourly rate ($450) yields a recommended lodestar amount of $3,510.

Finally, Plaintiff also submitted a Bill of Costs for her filing fee and service of the summonses and subpoenas for $670 which the undersigned also finds statutorily compensable and reasonable.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion for Costs, ECF No. 15, be GRANTED in the amount of $670, and that Plaintiff's Motion for Attorney's Fees, ECF No. 17, be GRANTED to the extent that Plaintiff be awarded attorney's fees of $3,510, for a total award of fees and costs of $4,180.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 13th day of June 2019.

_____
PATRICK M. **HUNT**
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Ursula Ungaro
All Counsel of Record